## JOSEPH VALENTINE vs. JAMES FOSTER.

A promise to pay a demand which the promisee had voluntarily released for the purpose of rendering the promisor a competent witness in a suit against the promisee is without consideration, and an action thereon cannot be sustained. After such release, there is no such moral obligation to pay the demand, as will support a promise to pay.

INDEBITATUS ASSUMPSIT for money paid, &c. The report of the chief justice, before whom the case was tried, was in substance this : The plaintiff was formerly owner of three eighths of a vessel in his own right, and held two eighths thereof in his name as trustee for the defendant. An action was brought against the plaintiff and others, as owners of the vessel, for a demand alleged to be due to one Vinal. In the trial of that action, the plaintiff called the defendant as a witness, who was objected to on the ground of interest ; whereupon the plaintiff executed and delivered to him a release from all liability to contribution for any sum which might be recovered in that suit, and the defendant gave his testimony. Vinal recovered judgment in that suit, at the March term of this court in Suffolk, 1836 ; and the present action was brought to recover a part of the amount paid by the plaintiff in satisfaction of that judgment.

To maintain the action, the plaintiff offered to prove that after the trial of Vinal's said action, it appearing that the defendant's testimony was of little importance, the plaintiff proposed to the defendant to give him back the release and take no advantage of it ; and that the defendant, in reply, said it would make no difference — he would take no advantage of it.

It was admitted that the plaintiff had no other ground to avoid the release, but a subsequent parol promise without any new consideration.

A nonsuit was entered, subject to the opinion of the whole court.

H. H. Fuller, for the plaintiff. A promise to pay a debt once due operates as a waiver of any mere legal discharge. The original debt, when not in fact paid, constitutes a continuing moral obligation which is a sufficient consideration for such

promise. Chit. Con. (Perkins's ed.) 40, and cases there cited. In *Willing* v. *Peters*, 12 S. & R. 177, a debtor, after he had been released, on paying a part of the debt, was held liable on his promise to pay the balance. *A fortiori*, it would seem, is the defendant in this case liable on his promise, as he paid nothing for his release.

*Welch*, for the defendant. In *Willing* v. *Peters*, the release was executed at the request and for the benefit of the defendant ; which distinguishes it from the present case.

The doctrine of moral obligation, as properly understood, and as illustrated by recent decisions, does not apply to the defendant's promise. See 3 Bos. & Pul. 249, *note.* Chit. Con. (Perkins's ed.) 42. *Littlefield* v. *Shee*, 2 Barn. & Adolph. 811. *Meyer* v. *Haworth*, 8 Adolph. & Ellis, 467. *Smith* v. *Ware*, 13 Johns. 257. *Mills* v. *Wyman*, 3 Pick. 207. *Cook* v. *Bradley*, 7 Connect. 57. *Loomis* v. *Newhall*, 15 Pick. 159. *Hawley* v. *Farrar*, 1 Verm. 420.

It is against the policy of the law, that the promise, in this case, should be enforced.

SHAW, C. J. The single question in this case is, whether a preëxisting liability to contribution, voluntarily released, by the party to whom it is due, to the party liable, in order to qualify him as a witness in a trial at law, between the releasor and a third party, is a good consideration for a subsequent promise to pay such contribution.

This action is one of new impression, and attempts to carry the doctrine of legal liability, arising upon an express promise made in consideration of moral obligation, somewhat further than it has yet been carried.

It is difficult to reduce this principle to a rule sufficiently accurate for practical use, on account of the looseness and uncertainty attending the notion of moral obligation or moral duty.

In *Mills* v. *Wyman*, 3 Pick. 207, where the subject was largely discussed, it was attempted to restrain and limit the generality of the principle broadly laid down, that a moral obligation is a sufficient consideration for an express promise, by confining it to cases where there has been some preëxisting legal obligation,

41 *

which has become inoperative by force of positive law ; and the cases of debts barred by the statute of limitations, by a discharge under bankrupt and insolvent laws, and debts incurred by infants, are put by way of illustration. But it is difficult to reconcile all the cases on the subject, upon this principle. *Lee* v. *Muggeridge*, 5 Taunt. 36.

In some other cases, another distinction has been somewhat relied on, to wit, when there is or would be a legal obligation, but where the remedy is taken away by positive law, or where the obligor is exempted from legal liability on considerations of policy. The only case I have found, where an action has been held to lie upon an express promise to pay a debt, which had been voluntarily released, is that of *Willing* v. *Peters*, 12 S. & R. 177. It was a case where the debtor, having become insolvent, made an assignment for the benefit of all his creditors, containing a clause of release on the part of the creditors, in consideration of the assignment. A dividend had been received by the plaintiff, the creditor, after which the debtor made an express promise to pay the balance of the debt, when he should become able. There, although it was argued that the release was voluntarily made, and though it actually extinguished the whole debt, by an instrument under seal, which imported a consideration, yet the analogy was so strong to the case of a discharge under a bankrupt or insolvent law, in which it had always been held, that an action might be maintained on an express promise to pay the balance of the debt, that the court decided in favor of the plaintiff.

But we think there are several considerations which distinguish the present case from that cited.

We are then to consider, that in becoming party to an assignment made by an insolvent debtor, the release is executed at the request and for the benefit of the debtor. And it has an important bearing, in all those cases, that the discharge or exemption, by which the debtor is held not liable to an action, is created for his benefit. Then applying the rule, that a party may waive an exception made for his benefit, and that he does waive it by an express promise, it affords a strong legal ground for the mainte-

nance of an action upon such express promise. 21 Amer. Jurist, 278. 3 Bos. & Pul. 249, *note.* But in case of a release given in court to qualify a person as witness, the act can in no sense be regarded as done at the request or for the benefit of the releasee. On the contrary, the act is for the benefit of the releasor, that he may have the advantage of the releasee's testimony ; and the understanding in all such cases is, that he prefers relinquishing forever any actual or contingent claim which he may have upon the releasee, rather than forego the advantage he expects to derive from his testimony.

We also think there is another distinction between the case at bar and the case cited, founded in obvious and strong considera tions of policy. A release given to qualify a witness is usually given in open court, in presence of the jury. It must be full and complete, to the satisfaction of the court ; it is exhibited and represented as an absolute and complete discharge of all interest in the event of the suit. If it should come to be consider ed that such a release merely took away a legal remedy, that it left the moral obligation subsisting in its full force, and that the legal obligation would be revived by expressions on which it might be left to a jury to find a promise ; it would introduce an element of doubt, as to the force and effect of such a release. It might well be argued that it was merely formal, and left the witness still substantially interested ; and would have a secret injurious effect upon the credit due to released witnesses.

Without therefore giving an opinion in reference to a case where a creditor has executed a release, to enable an insolvent debtor to obtain his discharge under a general assignment, the court are of opinion, that where a release has been voluntarily executed and delivered by a creditor to his debtor, for the express purpose of discharging all interest, and qualifying him as a witness for his own benefit, there remains no moral obligation to pay the debt, which is sufficient to afford a consideration for a new promise upon which an action will lie.

*Nonsuit to stand.*